CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
03/05/2019
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:08-cr-00022-1 |
| v. | **MEMORANDUM OPINION** |
| MICHAEL BRIAN JENKINS, *Defendant.* | JUDGE NORMAN K. MOON |

Defendant Michael Brian Jenkins ("Defendant") was identified as an individual who may qualify for retroactive application of the Fair Sentencing Act of 2010 under Section 404 of the First Step Act of 2018. (Dkt. 43). This matter has been briefed and is ripe for review. For the following reasons, the Court will grant Defendant retroactive relief under the First Step Act.

On August 7, 2008, Defendant was indicted on one count of distribution of 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Dkt. 15). Defendant entered into a written plea agreement on October 10, 2008, and pleaded guilty to Count One of the indictment on the same date. (Dkts. 26, 27, 28). Defendant was found to be a career offender, and his Sentencing Guidelines range was enhanced accordingly under U.S.S.G. § 4B1.1. Defendant's Guidelines range was calculated to be 188–235 months imprisonment. On July 13, 2009, the Court sentenced Defendant to 150 months imprisonment and 4 years supervised release. (Dkt. 34). On July 5, 2013, Defendant filed a motion for a reduction in his sentence under Amendment 750, (dkt. 38), but the Court denied this motion because of Defendant's status as a career offender. (Dkt. 39).

Section 404 of the First Step Act of 2018 permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act

of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id*.

Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act, and will then "consider whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).[1]

The parties agree that Defendant's offense of conviction is a "covered offense" as defined by the First Step Act. The offense was committed before August 3, 2010 and the applicable penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine based offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant in this case, section 2 of the Fair Sentencing Act increased the drug quantities

---

[1] Although § 3582(c)(1)(B) does not reference § 3553(a) as do other § 3582(c) subsections, that alone does not bar consideration of other factors. While the *Dillon* Court analyzed the procedures under § 3582(c)(2), the language quoted is reflected in § 3582(c)(1)(B). Additionally, this approach is mirrored by the Fourth Circuit's analysis under Rule 35(b), which allows the Court to "consider other sentencing factors . . . when deciding the extent of a reduction." *United States v. Davis*, 679 F.3d 190, 195 (4th Cir. 2012); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 11, 2019). ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Pub. L. No. 111–220, 124 Stat. 2372 (2010). Specifically, the threshold requirement to trigger the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B) was increased from 5 to 28 grams. *Id*.

Under the First Step Act, the statutory range for Defendant's offense, taking into account Defendant's career offender status, would be 151–188 months imprisonment. The parties agree that because Defendant was originally granted "a 20% reduction from the low-end of the applicable guideline range at sentencing of 188 to 235 months, and originally sentenced to 150 months incarceration," any modified sentence granted here should be "no more than a comparable 20% reduction from the low end of the adjusted guideline range of 151 to 188 months, which computes to 121 months incarceration" followed by 3 years of supervised release. (Dkt. 47 at 6). The parties agree that a modification of Defendant's sentence to 121 months, but not less than time served, with 3 years of supervised release to follow, would be appropriate. (Dkts. 47 at 8; 51 at 1). The Court has been advised that Defendant has already served 128 months of his original sentence.

After a review of the record and consideration of the factors set forth in § 3553(a), and noting the parties' agreement, the Court concludes that a modification of Defendant's sentence pursuant to the First Step Act of 2018 is appropriate. Accordingly, the Court will order that Defendant's sentence be modified to 121 months imprisonment, but not less than time served, with 3 years of supervised release to follow. A sentence of 121 months, but not less than time served, furthers the factors set forth in § 3553(a), which, among other things, require consideration of the need to protect the public, deterrence, and the avoidance of sentencing disparities among similarly situated defendants. *See United States v. Clark*, No. 5:03-cr-30093 (W.D. Va. Feb. 13, 2019) (reasoning that a sentence of time served would best serve the need to

protect the public and deter future crime, and noting "that other courts granting reductions under the First Step Act have reduced to sentences of time served, even where a defendant already had served more than the applicable guideline range" (citations omitted)). All other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered this  5th  day of March, 2019.

                                       NORMAN K. MOON
                                       SENIOR UNITED STATES DISTRICT JUDGE